UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARWAN HASAN HANDSOME,
448444,

        Plaintiff,

v.

        CASE NO. 2:24-CV-10845
        HON. NANCY G. EDMUNDS

MICHIGAN DEPT. OF CORR.,
DEPT. OF HEALTH & HUMAN SVS.

        Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.

Michigan prisoner Marwan Hasan Handsome ("Plaintiff"), currently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. In his pleading, Plaintiff complains about catching Covid-19 when he was transferred from the Ingham County Jail to the Charles Egeler Reception and Guidance Center in Jackson, Michigan in December, 2023. He names the Michigan Department of Corrections ("MDOC") and the Department of Health and Human Services ("DHHS") as the defendants in this action. He sues the defendants in their official capacities and seeks $ 20,000,000 in monetary damages. ECF No. 1. Plaintiff has paid the filing and administrative fees for this action.

Having reviewed the complaint, the Court concludes that it must be dismissed pursuant to 28 U.S.C. §1915A for failure to state a claim upon which relief may be granted under § 1983 and on the basis of immunity. The Court also concludes that an appeal

cannot be taken in good faith.

## II.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to dismiss a complaint seeking relief against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is construed liberally.  Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this standard does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions.  Twombly, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. (quoting Twombly, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked

2

assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-556 (citations and footnote omitted).

To state a claim under § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-157 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-336 (1986).

### III.

Plaintiff's complaint is subject to dismissal for several reasons. First, Plaintiff's claims against the MDOC and the DHHS must be dismissed because the MDOC and the DHHS are not entities subject to suit under § 1983. Section 1983 imposes liability upon any "person" who violates an individual's federal constitutional or statutory rights. It is well-settled that governmental agencies, such as the MDOC, are not persons or legal entities subject to suit under § 1983. *See Anderson v. Morgan Cnty. Corr. Complex*, No. 15-6344, 2016 WL 9402910, *1 (6th Cir. Sept. 21, 2016) (ruling that state prison and its "medical staff" are not subject to suit under § 1983); *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (discussing case law establishing that government departments and agencies are not persons or legal entities subject to suit under § 1983). Consequently,

3

Plaintiff's complaint against the MDOC and the DHHS must be dismissed.

Second, even if the Court construes the complaint liberally as one brought against the State of Michigan, it is still subject to dismissal. The complaint must be dismissed because Plaintiff fails to allege facts showing that the State of Michigan (itself or via the MDOC or the DHHS) is responsible for any perceived constitutional violation. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability. *Monell v. Department of Social Svs.*, 436 U.S. 658, 691-692 (1978); *Turner v. City of Taylor*, 412 F.3d 629, 643) (6th Cir. 2005) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff fails to do so with respect to the State of Michigan (itself or via the MDOC or the DHHS). He does not allege any facts explaining what the State of Michigan intentionally did or did not do to violate his rights. Any assertion that the defendants failed to supervise employees, should be vicariously liable for employees' conduct, and/or did not properly respond to his grievances or complaints is insufficient to state a civil rights claim. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). Plaintiff also does not allege facts showing that any injury is the result of a policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or supervise employees. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims). He thus fails to state a claim upon which relief may be granted under § 1983

against the State of Michigan (itself or via the MDOC or the DHHS).

Additionally, and alternatively, the complaint must be dismissed based on sovereign immunity.  The Eleventh Amendment to the United States Constitution bars civil rights actions against a State and its agencies and departments unless the State has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).  The State of Michigan has not consented to being sued in civil rights actions in the federal courts, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983.  *Quern v. Jordan*, 440 U.S. 332, 341 (1979); *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005).  Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against a State and its agencies.  *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Department of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)), but does not preclude prospective injunctive relief.  *McCormick*, 693 F.3d at 662 (citing *McKey v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000)).  Eleventh Amendment immunity also applies to state employees who are sued in their official capacities.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)).

The State of Michigan and its agencies, such as the MDOC and the DHHS, and their employees, are entitled to Eleventh Amendment immunity.  *See Harrison*, 722 F.3d

at 771 (citing cases); *Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005). In this case, Plaintiff sues the defendants in their official capacities for monetary damages. Consequently, his complaint against them must be dismissed based on sovereign immunity.

## IV.

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 against the defendants in his complaint and that the defendants are entitled to Eleventh Amendment immunity. Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint pursuant to 28 U.S.C. § 1915A(b). The Court also concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**

Dated: May 7, 2024
Detroit, Michigan

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on May 7, 2024.

Marwan Hasan Handsome 448444
CHARLES EGELER RECEPTION AND
GUIDANCE CENTER ANNEX
3855 COOPER STREET
JACKSON, MI 49201

s/Johnetta M. Curry-Williams
Case Manager